IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS ECKERT,

  Appellant,

v.

PINELLAS COUNTY
SHERIFF'S OFFICE/PINELLAS
COUNTY RISK
MANAGEMENT,

  Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2555

Opinion filed March 31, 2017.

An appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident:  May 18, 2010.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, and Tonya A. Oliver of Bichler, Oliver, Longo & Fox, PLLC, Tampa, for Appellant.

Nancy S. Meyer of Pinellas County Attorney's Office, Clearwater, for Appellees.

PER CURIAM.

  Claimant appeals an order of the Judge of Compensation Claims (JCC) to the extent that it denies payment of impairment benefits (IBs) "at the correct rate." Specifically, Claimant argues that 23 non-consecutive weeks of the 169 weeks of

IBs to which he was entitled were underpaid – more specifically, paid at half of their proper rate. We reverse.

The statute at issue is section 440.15(3)(c), Florida Statutes (2009), and the pertinent sentence reads:

> Impairment income benefits are paid biweekly at the rate of 75 percent of the employee's average weekly temporary total disability benefit not to exceed the maximum weekly benefit under s. 440.12; provided, however, that such benefits shall be <u>reduced by 50 percent</u> for <u>each week</u> in which the <u>employee has earned income</u> equal to or <u>in excess of the employee's average weekly wage</u>.

(Emphasis added). The Employer/Carrier (E/C), acting under this statute, paid only the reduced amount of IBs for the 23 weeks during which Claimant drew from his accrued leave (sick leave and vacation leave) instead of working the entirety of his scheduled hours. The E/C asserts that when Claimant drew the leave, Claimant's resulting full paycheck constituted "income" equal to his average weekly wage (AWW). Claimant, however, persuasively argues that drawn leave cannot count toward his AWW for the week in which it is drawn because the leave was previously accrued, and thus had not been "earned" during each week at issue. It was earned and accrued at an earlier time.

The parties concede that the plain meaning of this statute will control. The parties disagree, however, on what that plain meaning is. Answering this question of first impression, we now hold that the operative word in the statutory sentence is the word "earned" and conclude that because the previously accrued leave was not

2

earned during the week it was drawn but had already vested, it cannot be included in the calculation of earnings during the weeks in which IBs are payable for the purpose of reducing IBs.

REVERSED and REMANDED for further proceedings in accordance with this opinion.

ROBERTS, C.J., WOLF and B.L. THOMAS, JJ., CONCUR.